## Case No. 11,216a.
### PLATT v. DICKENSON et al.[1]
District Court, S. D. New York. June 13, 1878.

BANKRUPTCY — SUIT BY ASSIGNEE TO SET ASIDE CONVEYANCE—INJUNCTION.

[Where the assignee sues to set aside a conveyance of the bankrupt's stock of goods, made to his brother within three months of the bankruptcy, and the court enjoins, pendente lite, the sheriff and certain creditors of the brother from selling the same on execution, such injunction will not be dissolved merely upon the answer of

---

[1] [Not previously reported.]

one of the defendants and certain affidavits denying substantially the equities of the bill; for if the sale were made, and the proceeds paid over, the rights of the assignee and the bankrupt's creditors would be virtually gone.]

[This was a suit by John H. Platt, assignee in bankruptcy of John Dickenson, against Thomas Dickenson and others to set aside a conveyance and to enjoin an execution sale, etc.]

A. G. Fox, for assignee.

Robert Sewall, for defendants.

CHOATE, District Judge. Upon a bill in equity filed by the assignee of the bankrupt, John Dickenson, to set aside as void under the bankrupt law a conveyance of the bankrupt's stock of goods, made within three months before the bankruptcy, by the bankrupt to the defendant, Thomas Dickenson, his brother, an injunction was granted restraining the sheriff and certain judgment creditors of Thomas Dickenson, who were made defendants in the suit, from selling or disposing of the goods under levies made by the sheriff under executions issued upon their judgments against Thomas Dickenson recovered since the commencement of the bankruptcy proceeding. The question now is whether the injunction shall be continued pending the suit. These judgment creditors of Thomas Dickenson insist that the injunction should be vacated on the answer of one of them and on affidavits in behalf of all, which it is claimed substantially deny the equity of the bill.

Facts alleged in the answer and affidavits make it very probable that the sale from the bankrupt to Thomas Dickenson was made when he was insolvent, and to defeat the operation of the bankrupt law [of 1867 (14 Stat. 517)], and that Thomas Dickenson knew of the insolvency and of the purpose of the vendor in making it. If the sale is set aside the title of the assignee will relate back to the time of the sale and all title made under Thomas Dickenson will be cut off. By the commencement of the bankruptcy proceedings all controversies in relation to the property of the bankrupt come within the jurisdiction of this court, and this bill is filed under the jurisdiction given to this court in aid of its jurisdiction in bankruptcy. The fact that parties claiming adverse interest deny the facts on which the assignee relies does not make it proper that the injunction should be dissolved. If it were so the court would find very little property to administer under the bankrupt law, as the hostile claimant generally is able to produce a denial of the facts relied on to show that property the subject of controversy is the property of the bankrupt. If the sale under execution goes on, and the proceeds are paid over to the judgment creditors of Thomas Dickenson, the rights of the assignee and creditors of the bankrupt will be virtually gone; and pending the suit it is the duty of the court to preserve the property so that it may ultimately go to the party found entitled by the decree. The fact alleged that the plaintiff, as assignee, has come into possession of a note given by Thomas Dickenson to the bankrupt as part consideration for the sale of the goods, does not estop the plaintiff from maintaining this suit. The assignee consents to the sale going on, as the property is perishable. Injunction modified so as to allow the sheriff to sell the property and hold the proceeds subject to the further order of the court.